UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN MARSHALL GABARICK and BERNARD ATTRIDGE, On Behalf of Themselves and All Others Similarly Situated | CIVIL ACTION |
| VERSUS | NO:   08-04007         08-04023         08-04046 |
| LAURIN MARITIME (AMERICA), INC., ET AL. | SECTION: "I" (4) |

### ORDER

Before the Court is a **Motion for Protective Order and to Quash Notices of Deposition (R. Doc. 13)**, filed by the Defendant, American Commercial Lines, LLC ("American"), seeking an order from the Court quashing the notices of depositions of three witnesses, issued by the Co-Defendants, Whitefin Shipping Co. Ltd. and Laurin Maritime (America), Inc. (collectively, "Whitefin Laurin"). Additionally, American requests expedited consideration of its motion, in its **Motion for Expedited Hearing of Motion for Protective Order and to Quash Notices of Deposition (R. Doc. 14)**. The Court grants American's request for expedited review, and considers its motion for a protective order and to quash below.

**I.    Background**

This is a consolidated class action regarding a vessel collision on July 23, 2008, at

approximately 1:30 a.m. in the Mississippi River at Mile Marker 97, which resulted in the release of approximately 500,000 gallons of oil into the water. (R. Doc. 1.) The M/V TINTOMARA, a 600-foot Liberian-flagged tanker, collided with BARGE DM 932, a 61-foot barge, which was being towed by the M/V MEL OLIVER and had recently been loaded with No. 6 Heavy Fuel Oil at the John W. Stone Oil Distributor in Gretna, Louisiana. (R. Doc. 1.) The BARGE DM932 purportedly split in half, and released 500,000 gallons of oil into the Mississippi River. (R. Doc. 1.) The M/V TINTOMARA is allegedly owned and managed by Whitefin Laurin. The Plaintiffs contend that M/V MEL OLIVER was under the command of an operator who only had an apprentice mate's license. (R. Doc. 1.) The Plaintiffs argue that no one aboard the M/V MEL OLIVER possessed a master's license, which is required to operate a tug on the river. (R. Doc. 1.)

The Plaintiffs maintain that No. 6 Heavy Fuel Oil is thick and unrefined tar oil which has caused severe environmental contamination of (1) the ecology of the Mississippi River's shorelines and wetlands and (2) the drinking water supply for surrounding communities. (R. Doc. 1.) The Plaintiffs contend that the No. 6 Heavy Fuel Oil has released toxic gases and closed access to the Mississippi River, causing surrounding businesses to lose revenue. (R. Doc. 1.)

American contends that the U.S. Coast Guard has convened an Order of Investigation Hearing regarding the collision, to commence on August 12, 2008 before Commander Melissa Harper. (R. Doc. 13-2, p. 2.) American asserts that the Master, the Chief Engineer, and Anchor Lookout are scheduled to testify under oath at that time, and that a transcript of the testimony will be prepared by the government. (R. Doc. 13-2, p. 2.) American notes, however, that counsel for Whitefin Laurin has since informed a U.S. Coast Guard hearing officer of inconsistencies between the information on the "Pilot Card" and the "Wheelhouse Poster" of the M/V TINTOMARA, which

Whitefin Laurin seeks to resolve by "sea trials." (R. Doc. 13-2, p. 2.) Counsel for Whitefin Laurin has invited interested parties, including the U.S. Coast Guard and the "NTSB" to attend the sea trials. (R. Doc. 13-3, Ex. A.)

On August 8, 2008, the Whitefin Laurin issued three deposition notices to the Master, the Chief Engineer, and an able-bodied seaman of the M/V TINTOMARA, including (1) Stefan Bjarve, (2) Gilberto Guevarra, (3) Henrik Olsson, for depositions scheduled for August 15 and 16, 2008, after the U.S. Coast Guard's hearing on the matter. (R. Doc. 13-3, Exs. C, D, E.)

American seeks to quash Whitefin Laurin's depositions. American contends that any depositions are premature because (1) not all claimants have appeared in the matter, therefore, the identities of all the Plaintiffs is unknown, (2) the parties must first resolve the inconsistencies in the M/V TINTOMARA materials, and (3) the parties have not yet engaged in a Federal Rule of Civil Procedure ("Rule") 26 conference. Additionally, American contends that the testimony before the U.S. Coast Guard should serve Whitefin Laurin's purposes.

## II.     Standard of Review

Rule 26(d)(1) provides that "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f)." Otherwise, there is no priority rule for the sequence of discovery. *See* Fed. R. Civ. P. 26(d). Under Rule 26(d)(2), "[u]nless, on motion, the court orders otherwise for the parties' and witnesses' convenience and in the interests of justice: (A) methods of discovery may be used in any sequence; and (B) discovery by one party does not require any other party to delay its discovery." The principal effect of Rule 26(d) is "to eliminate any fixed priority in the sequence of discovery." Comment to Fed. R. Civ. P. 26(d). A court has discretion to vary the usual priority, however, such relief is granted "only for 'the most obviously compelling

reasons.'" Comment to Fed. R. Civ. P. 26(d) (quoting 2A Barron & Holtzoff, *Federal Practice and Procedure* 44-47 (Wright ed. 1961)).

### III.   Analysis

Under Rule 26(d), a party may not seek discovery from any source before the parties have conferred and submitted a discovery plan as required by Rule 26(f), unless the parties agree or the Court orders otherwise. Fed. R. Civ. P. 26(d). Here, the Court notes that the issues in this action are not yet joined, as the Defendants have not filed responsive pleadings to the complaints in this consolidated action. Furthermore, there is no Court order and based on American's representations, there is also no agreement between the parties that permits Whitefin Laurin to initiate discovery. Therefore, Whitefin Laurin has violated Rule 26(d) by noticing depositions for three witnesses before a Rule 26(f) conference and before any such Court order.

Rule 26(d) is in place so that the parties confer with one another to implement a reasonable program or plan for discovery without the initial assistance of the court. *See* Comment to Fed. R. Civ. P. 26(f). In the absence of a Rule 26(f) conference, the prospective deponents are under no obligation to appear for Whitefin Laurin's premature deposition notices because they were submitted in violation of language and policy of Rule 26(d). Under the Rules, the parties must first confer and set forth their discovery expectations or their respective positions in a discovery conference before they may proceed with discovery.

### IV.   Conclusion

Accordingly,

**IT IS ORDERED** that American's **Motion for Protective Order and to Quash Notices of Deposition (R. Doc. 13)** is **GRANTED**.

**IT IS FURTHER ORDERED** that American's **Motion for Expedited Hearing of Motion for Protective Order and to Quash Notices of Deposition (R. Doc. 14)** is **GRANTED**.

New Orleans, Louisiana, this 11th day of August 2008

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**