## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| IN THE MATTER OF<br>WHITEFIN SHIPPING CO., LTD. AND<br>LAURIN MARITIME (AMERICA), INC.,<br>AS OWNERS AND MANAGING OWNERS OF THE<br>M/V TINTOMARA PETITIONING FOR<br>EXONERATION FROM OR LIMITATION OF<br>LIABILITY | CIVIL ACTION<br><br>NUMBER: 08-4023<br><br>SECTION: "I" - (4)<br><br>JUDGE:<br>LANCE M. AFRICK<br><br>MAGISTRATE:<br>KAREN WELLS ROBY |

### FIRST AMENDED COMPLAINT IN LIMITATION

The Complaint in Limitation of owner Whitefin Shipping Co., Ltd. and managing owners, Laurin Maritime (America), Inc. and Laurin Maritime AB, of M/V TINTOMARA (hereinafter collectively referred to as "petitioners"), in a cause of exoneration from and limitation of liability, civil and maritime, within the admiralty and maritime jurisdiction of this Honorable Court, pursuant to Rule 9(h) of the Federal Rules of Civil Procedure and Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims, allege upon information and belief, as follows:

(A)   Petitioners revise paragraph 2 and 9 to read:

1

(2) At all times pertinent to this cause, Laurin Maritime (America), Inc. ("Laurin") was a corporation organized under and existing by virtue of the laws of the state of Texas, with its principal place of business in Houston, Texas, and was a managing owner of M/V TINTOMARA, manning, victualing, and in operational control of said vessel.

(9) While denying all liability, petitioners show that if any of them should be held liable to any degree to anyone, petitioners claim the benefit of limitation of liability provided in 46 U.S.C. §30505, *et seq.* (and all laws supplementary and amendatory thereto) and in Rule F of the Supplemental Rules for Certain Admiralty and Maritime Claims of the Federal Rules of Civil Procedure, upon showing that the incident occurred without the privity or knowledge of petitioners.

(B) Petitioners amend their Complaint in Limitation to add the following paragraph:

(14) At all times pertinent to this cause, petitioner Laurin Maritime AB was a corporation organized and existing by virtue of the laws of Sweden, and was a managing owner of M/V TINTOMARA, manning, victualing, and in operational control of said vessel.

(C) Petitioners incorporate Articles 1-8 and 10-13 of their Complaint in Limitation as set out herein *in extenso.*

WHEREFORE, petitioners pray:

(1) That the Court issue an injunction to restrain the commencement or prosecution of any action or actions against petitioners, any of their property, M/V TINTOMARA, her master, pilot, and crew, and underwriters of petitioners and M/V TINTOMARA, with respect to any claim for which petitioners seek exoneration from and/or the limitation of liability.

(2) That the Court adjudge petitioners and M/V TINTOMARA not liable to any extent whatsoever for damage of any kind arising out of the matters aforesaid or, in the alternative, should the Court adjudge petitioners and M/V TINTOMARA liable in any amount whatsoever, that said liability be limited to and not exceed the amount of value of petitioners' interest in M/V TINTOMARA and her pending freight.

(3) That a judgment be entered discharging petitioners and M/V TINTOMARA from any and all further liability and forever enjoining the filing or prosecution of any claims against them as a consequence of the matters aforesaid.

(4) That petitioners have such other and further relief as justice may require.

RESPECTFULLY SUBMITTED,

PHELPS DUNBAR LLP

_____
HUGH RAMSAY STRAUB, T.A. (#12525)
DAVID B. LAWTON (#8149)
MICHAEL M. BUTTERWORTH (#21265)
JEREMY ALAN HERSCHAFT (#29246)
RAYMOND T. WAID (#31351)
Canal Place
365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Petitioners,
Whitefin Shipping Co., Ltd.,
Laurin Maritime (America), Inc.,
Laurin Maritime AB, and
M/V TINTOMARA

## VERIFICATION

STATE OF LOUISIANA

PARISH OF ORLEANS

BEFORE ME, the undersigned authority, personally came and appeared:

HUGH RAMSAY STRAUB

who, being duly sworn, did depose and say:

That he is the attorney for the captioned petitioners in limitation; that he makes this verification on behalf of petitioners for the reason that no officers of petitioners are available in the district to sign same; that he is authorized to make this affidavit and to file the foregoing Complaint in Limitation on behalf of petitioners; that he has read the above and foregoing Complaint in Limitation and all the allegations of fact therein contained are true and correct, upon information and belief, and based upon publicly available information sources, conversations with representatives of petitioners, and e-mails and documents received from petitioners.

_____
HUGH RAMSAY STRAUB

SWORN TO AND SUBSCRIBED
BEFORE ME THIS 6 DAY OF
~~JULY, 2008.~~
August

_____
NOTARY PUBLIC

Robert J. Barbier
Notary Public
Orleans Parish Louisiana
My Commission Expires With Life
Louisiana Bar # 2741

5

NO.99885312.1