## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN MARSHALL GABARICK, et al | * | CIVIL ACTION |
| | * | |
| VERSUS | * | NO. 08-4007 |
| | * | and consolidated actions |
| LAURIN MARITIME (AMERICA), INC., et al | * | |
| | * | SECTION: I |
| APPLIES TO:        08-4156 | * | |
| | * | MAGISTRATE: 4 |

**************************************************************************************************

### ANSWER TO INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF AND DEFENDANTS' COUNTERCLAIM ASSOCIATED THEREWITH

**NOW INTO COURT**, through undersigned counsel, come AUSTIN SICARD, LAMONT L. MURPHY, individually, and on behalf of MURPHY DREDGING, DEEP DELTA DISTRIBUTORS, INC., DAVID CVITANOVICH, KELLY CLARK, TIMOTHY CLARK, individually, and on behalf of the minor child, TAYLOR CLARK, THOMAS CLARK, ETTA CLARK, BRADLEY BARROSSE, TRICIA BARROSSE, and LYNN M. ALFONSO, SR. on behalf of themselves and others similarly situated (hereinafter "Defendants"), who, in answering INDEMNITY INSURANCE COMPANY OF NORTH AMERICA'S (hereinafter "IINA") COMPLAINT FOR INTERPLEADER AND FOR DECLARATORY RELIEF filed with this Court on August 11, 2008, respectfully state as follows:

1.

The allegations in paragraph number one of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer. However, out of an abundance of caution, **DENIED**.

-1-

2.

The allegations in the preamble to paragraph number two of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer. However, out of an abundance of caution, **DENIED**. The allegations set forth in paragraph number two sub-parts (a) through (i) are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN** except that the allegations that DEFENDANTS are citizens and residents of the State of Louisiana are **ADMITTED**.

3.

The allegations in paragraph number three of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer. However, out of an abundance of caution, **DENIED**.

4.

The allegations in paragraph number four of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer. However, out of an abundance of caution, **DENIED**.

5.

The allegations in paragraph number five of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer. However, out of an abundance of caution, **ADMITTED** as to the allegation that "a substantial part of the events or omissions giving rise to the claim occurred in this [Judicial] District." As for any other allegations set forth in paragraph number five, **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

6.

The allegations set forth in paragraph number six of IINA's Complaint are **ADMITTED** insofar as DEFENDANTS reside in this Judicial District.  As for any other allegations set forth in paragraph number six, **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

7.

The allegations set forth in paragraph number seven of IINA's Complaint are **ADMITTED**.

8.

The allegations set forth in paragraph number eight of IINA's Complaint are **ADMITTED** insofar as DEFENDANTS filed suit against LAURIN MARITIME (AMERICA) INC., WHITEFIN SHIPPING CO. LIMITED, D.R.D. TOWING COMPANY, LLC, AMERICAN COMMERCIAL LINES, INC., AND THE NEW ORLEANS - BATON ROUGE STEAMSHIP PILOTS ASSOCIATION in the Eastern District of Louisiana on July 24, 2008 as a result of the collision between the *M/V TINTOMARA* and *BARGE DM-932* which was being towed by the *M/V MEL OLIVER*, resulting in the oil spill from *BARGE DM-932* into the Mississippi River causing damages to DEFENDANTS.  As for any other allegations set forth in paragraph number eight, **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

9.

The allegations set forth in paragraph number nine of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF**

THEREIN.

10.

The allegations set forth in paragraph number ten of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

11.

The allegations set forth in paragraph number eleven of IINA's Complaint are **ADMITTED** insofar as Case No. 08-4012, styled *Austin Sicard et al. v. Laurin Maritime (America) Inc. et al.* was filed on July 24, 2008 in the United States District Court for the Eastern District of Louisiana.  As for any other allegations set forth in paragraph number eleven, **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

12.

The allegations set forth in paragraph number twelve of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

13.

The allegations set forth in paragraph number thirteen of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

14.

The allegations set forth in paragraph number fourteen of IINA's Complaint are

**DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN.**

15.

The allegations set forth in paragraph number fifteen of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN.**

16.

The allegations set forth in paragraph number sixteen of IINA's Complaint are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN.**

17.

The allegations set forth in paragraph number seventeen of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009.   Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number seventeen are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN.**

18.

The allegations set forth in paragraph number eighteen of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009.  Insofar as DEFENDANTS

have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number eighteen are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

19.

The allegations set forth in paragraph number nineteen of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number nineteen are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

20.

The allegations set forth in paragraph number twenty of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

21.

The allegations set forth in paragraph number twenty-one of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not

been produced by IINA, the allegations set forth in paragraph number twenty-one are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

22.

The allegations set forth in paragraph number twenty-two of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-two are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

23.

The allegations set forth in paragraph number twenty-three of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-three are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

24.

The allegations set forth in paragraph number twenty-four of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY,

LLC and others providing coverage from July 1, 2008 to July 1, 2009.  Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-four are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

25.

The allegations set forth in paragraph number twenty-five of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage for the period from July 1, 2008 to July 1, 2009.  Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-five are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

26.

The allegations in paragraph number twenty-six of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer.  However, out of an abundance of caution, **DENIED**.

27.

The allegations set forth in paragraph number twenty-seven of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009.  Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not

been produced by IINA, the allegations set forth in paragraph number twenty-seven are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**. Nevertheless, the statement "the plaintiffs in the Class-Action Suits are seeking economic and compensatory damages against DRD and ACL in an amount of at least $5 million" is **ADMITTED**.

28.

The allegations set forth in paragraph number twenty-eight of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-eight are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

29.

The allegations set forth in paragraph number twenty-nine of IINA's Complaint address Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009. Insofar as DEFENDANTS have not had the benefit of examining this policy because such has not been produced by IINA, the allegations set forth in paragraph number twenty-nine are **DENIED FOR LACK OF INFORMATION AND KNOWLEDGE SUFFICIENT TO FORM A BELIEF THEREIN**.

30.

Paragraph number thirty of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer.  However, out of an abundance of caution, **DENIED**.

31.

Paragraph number thirty-one of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer.  However, out of an abundance of caution, **DENIED**.

32.

The allegations in paragraph number thirty-two of IINA's Complaint call for a legal conclusion and, therefore, do not require an answer.  However, out of an abundance of caution, **DENIED**.

33.

Paragraph number thirty-three of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer.  However, out of an abundance of caution, **DENIED**.

34.

Paragraph number thirty-four (and all of its component sub-parts) of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer.  However, out of an abundance of caution, **DENIED**.

35.

Paragraph number thirty-five of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer. However, out of an abundance of caution, **DENIED**.

36.

Paragraph number thirty-six of IINA's Complaint is addressed to the Court and seeks certain relief from the Court and, therefore, does not require an answer. However, out of an abundance of caution, **DENIED**.

## AFFIRMATIVE DEFENSES

**NOW**, in further answer to INDEMNITY INSURANCE COMPANY OF NORTH AMERICA's (hereinafter ""IINA") Complaint, AUSTIN SICARD, LAMONT L. MURPHY, individually, and on behalf of MURPHY DREDGING, DEEP DELTA DISTRIBUTORS, INC., DAVID CVITANOVICH, KELLY CLARK, TIMOTHY CLARK, individually, and on behalf of the minor child, TAYLOR CLARK, THOMAS CLARK, ETTA CLARK, BRADLEY BARROSSE, TRICIA BARROSSE, and LYNN M. ALFONSO, SR. on behalf of themselves and others similarly situated (hereinafter "Defendants"), respectfully state:

37.

The Complaint fails to state a claim upon which relief can be granted.

38.

The Complaint fails to join persons needed for just adjudication of the matter.

39.

Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY,

LLC and others providing coverage from July 1, 2008 to July 1, 2009 is vague and ambiguous and any ambiguities should be construed against its drafter, IINA, and in favor of DEFENDANTS who rely on such policy, in part, to recover for damages suffered by them as a result of LAURIN MARITIME (AMERICA) INC.'s, WHITEFIN SHIPPING CO. LIMITED's, D.R.D TOWING COMPANY, LLC's, and AMERICAN COMMERCIAL LINES, INC.'s  negligent actions and omissions.

40.

Policy No. N0 2209883 purportedly issued by IINA to DRD TOWING COMPANY, LLC and others providing coverage from July 1, 2008 to July 1, 2009 contains broad and nebulous exclusions in violation of the public policy of this State and, therefore, such exclusions should be read out of the policy and determination should be made in favor of coverage for DEFENDANTS.

**COUNTERCLAIM**

41.

This is a counterclaim within the meaning of Federal Rule of Civil Procedure 13 brought by AUSTIN SICARD, LAMONT L. MURPHY, individually, and on behalf of MURPHY DREDGING, DEEP DELTA DISTRIBUTORS, INC., DAVID CVITANOVICH, KELLY CLARK, TIMOTHY CLARK, individually, and on behalf of the minor child, TAYLOR CLARK, THOMAS CLARK, ETTA CLARK, BRADLEY BARROSSE, TRICIA BARROSSE, and LYNN M. ALFONSO, SR.  on behalf of themselves and others similarly situated (hereinafter "Counter-Plaintiffs").

42.

COUNTER-PLAINTIFFS hereby reallege and restate paragraphs one through thirty-

-12-

nine of their CLASS ACTION COMPLAINT (Doc. 1) filed with this Honorable Court on July 24, 2008 and incorporate such by reference as if specifically pleaded herein.

43.

Made Counter-Defendant is INDEMNITY INSURANCE COMPANY OF NORTH AMERICA (hereinafter "IINA") that, upon information and belief, is a Pennsylvania corporation with its principle place of business in Philadelphia, Pennsylvania and, further, is licensed to do business in the State of Louisiana and this Judicial District.

44.

Upon information and belief, IINA issued a certain policy of liability insurance, bearing Policy No. N0 2209883, to DRD TOWING COMPANY, LLC with limits of one million dollars ($1,000,000.00) with the effective date of such policy being July 1, 2008 through July 1, 2009.

45.

As DRD TOWING COMPANY, LLC's insurer, IINA is liable to COUNTER-PLAINTIFFS under the Louisiana Direct Action Statute (LSA-R.S. 22:655).

WHEREFORE, COUNTER-PLAINTIFFS pray that:

(1)    This answer be deemed good and sufficient;

(2)    That after due proceedings are conducted, this Honorable Court enter a judgment in favor of COUNTER-PLAINTIFFS and against IINA, finding that Policy No. N0 2209883 affords coverage to COUNTER-PLAINTIFFS for DRD TOWING COMPANY; LLC's negligent acts and omissions;

(3)    That COUNTER-PLAINTIFFS be awarded costs and reasonable attorney's fees; and

-13-

(4) For all other relief, whether in law or in equity, that this Honorable Court deems reasonable and just.

Respectfully submitted:

/s/ Hugh P. Lambert
HUGH P. LAMBERT, T.A. (7993)
LINDA J. NELSON (9938)
E. ALEXIS BEVIS (29091)
Lambert & Nelson, PLC
701 Magazine Street
New Orleans, LA 70130
Telephone: (504) 581-1750
Facsimile: (504) 529-2931
Law@lambertandnelson.com
Lnelson@lambertandnelson.com
Alexis@lambertandnelson.com

GERALD E. MEUNIER (9471)
Gainsburgh, Benjamin, David, Meunier &
Warshauer, L.L.C.
2800 Energy Centre, 1100 Poydras Street
New Orleans, LA 70163
Telephone: (504) 522-2304
Facsimile: (504) 528-9973
gmeunier@gainsben.com

RONNIE G. PENTON (10462)
GAIR OLDENBURG (15029)
Law Offices of Ronnie G. Penton
209 Hoppen Place
Bogalusa, LA 70427
Telephone: (985) 732-5651
Facsimile: (985) 735-5579
rgp@rgplaw.com

SIDNEY D. TORRES, III (12869)
ROBERTA L. BURNS (14945)
Law Offices of Sidney D. Torres, III, APLC
8301 West Judge Perez Drive, Ste. 303
Chalmette, LA 70043
Telephone: (504) 271-8422
Facsimile: (504) 271-1961
Storres@torres-law.com
Rburns@torres-law.com


SCOTT R. BICKFORD, T.A. (1165)
LAWRENCE J. CENTOLA, III (27402)
Martzell & Bickford
338 Lafayette Street
New Orleans, LA 70130
Telephone: (504) 581-9065
Facsimile: (504) 581-7635
usdcedla@mbfirm.com

WALTER J. LEGER, JR. (8278)
WALTER J. LEGER III (28656)
Leger & Shaw
600 Carondelet Street, 9th Floor
New Orleans, LA 70130
Telephone: (504) 588-9043
Facsimile: (504) 588-9980
Wleger@legershaw.com


## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing has been served on all counsel of record by filing same with the Court's CM-ECF electronic filing system, or for those attorneys not enrolled in the system, by U.S. Mail, postage pre-paid and properly addressed, or by facsimile, this 3rd day of October, 2008.

/s/ Hugh P. Lambert
HUGH P. LAMBERT

-15-