UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| STEPHEN MARSHALL GABARICK, et al. | * | CIVIL ACTION |
| | * | NO. 08-4007 |
| | * | Consolidated Cases |
| VERSUS | * | **ALL CASES** |
| | * | |
| | * | SECTION "I"(4) |
| | * | |
| LAURIN MARITIME (AMERICA), INC.; | * | JUDGE: |
| WHITEFIN SHIPPING CO. LIMITED; | * | LANCE M. AFRICK |
| D.R.D. TOWING COMPANY, INC.; | * | |
| AMERICAN COMMERCIAL LINES, LLC, et al. | * | MAGISTRATE JUDGE: |
| | * | KAREN WELLS ROBY |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

**ANSWER AND CLAIM OF NEW ORLEANS STEAMBOAT COMPANY**

Now into Court, through undersigned counsel, comes Claimant, New Orleans Steamboat Company, who, for its Answer and Claim against the petitioners in Civil Action No. 08-4023, Whitefin Shipping Co., Ltd. and Laurin Maritime (America), Inc. ("Limitation Petitioners"), avers as follows:

**ANSWER**

**FIRST DEFENSE**

The Claimant respectfully pleads that Limitation Petitioners' Complaint and any Amended Complaints in the consolidated matters fail to state a claim upon which relief can be granted, pursuant to FRCP 12 (b) (6).

## **SECOND DEFENSE**

AND NOW, in further answer to the Complaint filed by Whitefin Shipping Co., Ltd. and Laurin Maritime (America), Inc., claimant respectfully avers as follows:

1.

Paragraph 1 of the Complaint does not contain allegations of fact for which Answer is required; however, if Answer is required, Claimant denies the truth of the allegations for lack of sufficient information to justify a belief in the truth thereof.

2.

The allegations contained in Paragraph 2 of the Complaint, as amended in the First Amended Complaint, do not contain allegations of fact for which Answer is required; however, if Answer is required, Claimant denies the truth of the allegations for lack of sufficient information to justify a belief in the truth thereof.

3.

The allegations contained in Paragraph 3 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

4.

The allegations contained in Paragraph 4 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

5.

The allegations contained in Paragraph 5 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

6.

The allegations contained in Paragraph 6 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

7.

The allegations contained in Paragraph 7 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

8.

The allegations contained in Paragraph 8 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

9.

The allegations contained in Paragraph 9 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

10.

The allegations contained in Paragraph 10 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

11.

The allegations contained in Paragraph 11 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

12.

The allegations contained in Paragraph 12 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

13.

The allegations contained in Paragraph 13 of the Complaint are denied for lack of sufficient information to justify a belief in the truth thereof.

14.

The allegations contained in Paragraph 14 of the Complaint, as added by the First Amended Complaint, are denied for lack of sufficient information to justify a belief in the truth thereof.

## **CLAIM**

AND NOW, in further answer, claimant, New Orleans Steamboat Company, asserts a claim against the petitioners in Civil Action No. 08-4023, Whitefin Shipping Co., Ltd. and Laurin Maritime (America), Inc. ("Limitation Petitioners"), for all the damages suffered by Claimant as a result of the collision that occurred on July 23, 2008, at about 1:30 a.m. on the Mississippi River, at Mile Marker 97, when the M/V TINTOMARA, a 600-foot Liberian-flagged tanker rammed into BARGE DM-932, which was being towed by the tug M/V MEL OLIVER, causing the barge to split in half and release approximately 400,000 gallons of No. 6 Heavy Fuel oil loaded at the John W. Stone Oil Distributor in Gretna, Louisiana, and in support of its claims avers as follows :

1.

Claimant is a Louisiana corporation organized and operating under the laws of Louisiana.  At all material times hereto, it was the owner and/or operator of the M/V NATCHEZ.

2.

On July 23, 2008, at approximately 1:30 a.m., the M/V TINTOMARA, a 600-foot tanker which was carrying styrene and biodiesel fuel, was headed down river at the Mile Marker 97 of the Mississippi River near the Crescent City Connection, when it collided with BARGE DM-932,which was in tow of the M/V MEL OLIVER. BARGE DM-932 was carrying 9,938 barrels, or approximately 400,000 gallons, of No. 6 Heavy Fuel Oil, which it had loaded at the John W. Stone Oil Distributor in Gretna, Louisiana.

3.

At the time of the collision, the M/V TINTOMARA was under the command of its captain or master, who was being assisted by a pilot employed by the New Orleans-Baton Rouge Steamship Pilots Association ("NOBRA-Pilots").

4.

The M/V MEL OLIVER was under the command of an operator who only had an apprentice mate's license. No one aboard the M/V MEL OLIVER at the time of the collision had a master's license, which is required to operate the tug on the river. The owners, owners *pro-hac-vice* and/or operators of the M/V MEL OLIVER knowingly allowed the vessel to be operated without the required master on board.

5.

As a result of the collision, BARGE DM-932 split in two, releasing all of its cargo consisting of approximately 400,000 gallons of No. 6 Heavy Fuel Oil.

6.

The released oil caused an 80-mile stretch of the Mississippi River to be closed to navigation which prevented vessels from using this waterway.

7.

The vessel, M/V NATCHEZ, was docked at the Toulouse Street Wharf at the time of the oil spill.

8.

The oil spill and the contamination caused Claimant to suffer economic losses and damages in an amount to be shown with particularity at the time of trial, but which said amount could exceed any limitation fund herein.  Said damages and losses include, but are not limited to: economic loss, income loss and/or cleanup costs related to the oil spill.

9.

The collision was caused by the concurrent negligence of the Limitation Petitioners (who were acting through its masters, agents, employees and officials) and other parties that have also filed other limitation actions.

10.

Claimant avers that the collision and resultant oil spill was caused by the joint negligence and fault of the Limitation Petitioners and other parties that have also filed other limitation actions in the following non-exclusive particulars:

a. Failing to properly operate and steer their vessels so as to avoid the collision;

b. Operating and steering their vessels in such a manner that they collided with one another;

c. Operating their vessels at an excessive speed;

d. Failing to take adequate steps to avoid the collision after their radars warned that they were on a collision course;

e. Failing to stop their vessels;

f. Continuing in a collision course;

g. Failing to respond to radio communications;

h. Failing to properly inspect to assure that their vessels, equipment and personnel were qualified, licensed and fit for their intended purpose;

i. Acting in a careless and negligent manner without due regard for the safety of others;

j. Failing to promulgate, implement and enforce rules and regulations pertaining to the safe operations of the vessels they were operating at the time of the collision which, if they had been so promulgated, implemented and enforced, would have averted said collision;

k. Operating their vessels with untrained and unlicensed personnel;

l. Inadequate and negligent training and hiring;

m. Failing to take appropriate action to avoid or mitigate the accident;

n. Negligent implementation of policies and procedures to safely transport their cargo on the Mississippi River;

o. Employing untrained or poorly trained employees and failing to properly train their employees;

p. Failing to ascertain that their vessels and equipment were free from defects and/or

in proper working order;

q. Failure to timely warn;

r. Failure to timely bring the oil spill under control;

s. Failure to provide appropriate accident prevention equipment;

t. Failure to observe and read gauges, radars and other warning devices;

u. Failure to react to danger warnings and signs; and

v. Such other acts of negligence and omissions as will be shown at the trial of this matter.

All actions are in violation of the maritime laws, federal laws and the laws of Louisiana applicable to waterways, and were committed with the knowledge, consent and approval of the Limitation Petitioner.

11.

In addition, and in the alternative, the collision and resultant oil release were caused by defective equipment which was in the care, custody, and control of Limitation Petitioners and over which the Limitation Petitioners had *garde*. The Limitation Petitioners knew or should have known of these defects and they are therefore liable for the damage caused.

12.

The injuries to Claimant were also caused or aggravated by the fact that the Limitation Petitioners failed to properly respond to the oil release and take necessary actions to mitigate the danger to the surrounding community and vessels on the Mississippi River and/or to timely and adequately warn of the release of oil.

13.

In addition to the negligent actions described above, and in the alternative thereto, the injuries and damages suffered by Claimant were caused by the acts and/or omissions of the Limitation Petitioners that are beyond proof by the Claimant, but which were within the knowledge and control of the Limitation Petitioners, there being no other possible conclusion than the collision and release of oil resulted from the negligence of the Limitation Petitioners.  Furthermore, the collision and the resultant oil release would not have occurred had the Limitation Petitioners exercised the high degree of care imposed on it due to the nature of the cargo carried in its vessel and its vessel's use of the navigable waterways, and thus Claimant pleads the doctrine of *res ipsa loquitor*.

14.

In the alternative, Claimant avers that its claim under the Oil Pollution Act of 1990 ("OPA-90") described below is not subject to the limitation of liability sought by the Limitation Petitioners, and that it is entitled to prosecute its OPA-90 claims outside of these limitation of liability proceedings. However, out of an abundance of caution Claimant sets forth those claims below.

15.

OPA-90 imposes liability upon a "responsible party for a vessel...from which oil is discharged...into or upon navigable waters or adjoining shorelines" for the "damages that result from such incident." 33 U.S.C. § 2702.

16.

Section 2702(b)(2)(E) provides for the recovery of "[d]amages equal to the loss of profits or impairment of earning capacity due to the injury, destruction, or loss of real property, personal property, or natural resources, which shall be recoverable by any claimant."

17.

As a result of the collision and oil spill, Claimant has suffered the type of damages that may be recovered pursuant to Section 2702(b)(2)(E), and Claimant demands compensation therefor from the Limitation Petitioners in amounts to be determined by the trier of fact.

18.

The damages that Claimant may recover under Section 2702 may not be limited by and are not subject to the limitation action that has been brought by the Limitation Petitioner.

19.

As a result of reckless, intentional and/or negligent conduct of the Limitation Petitioners, Claimant has suffered and will continue to suffer damage of property, loss of use of property, diminution of property value, loss of income, lost profits, lost business opportunity, inconvenience, mental anguish, and emotional distress.

20.

Claimant is entitled to a judgment denying the Limitation Petitioners' request for limitation and/or exoneration from liability, finding the Limitation Petitioners liable to

10

Claimant for all the damages it has suffered, and awarding Claimant adequate compensation therefor in amounts determined by the trier of fact.

21.

Claimant reserves the right to raise additional allegations once discovery is conducted. Claimant also reserves the right to amend its claim after further information is developed and reserves all other rights, remedies and defenses it may have including, but not limited to, the right to assert a claim against the oil spill liability trust fund.

WHEREFORE, Claimant prays that this Answer and Claim be deemed good and sufficient and that after due proceedings had and the expiration of all legal delays herein:

a) There be judgment rendered in favor of the Claimant, New Orleans Steamboat Company, and against Limitation Petitioners, Whitefin Shipping Company, Ltd. and Laurin Maritime (America) Inc., denying limitation and/or exoneration from liability and for damages in an amount to be determined at trial, together with interest from the date of occurrence until paid, attorneys' fees and all costs;

b) Prejudgment and post-judgment interest at the maximum rate allowable by law;

c) Any relief the Court deems just and appropriate; and

d) For all other general and equitable relief under all applicable maritime, state and federal laws to which the law and nature of the case may allow.

Respectfully submitted,

MURPHY, ROGERS, SLOSS & GAMBEL

/s/ Emily Stevens Hardin

_____
Robert H. Murphy, T.A. #9850
rmurphy@mrsnola.com
Emily Stevens Hardin #27653
ehardin@mrsnola.com
701 Poydras Street
Suite 400, One Shell Square
New Orleans, LA   70139
Telephone:  (504) 523-0400
*Attorneys for New Orleans Steamboat Company*

## CERTIFICATE OF SERVICE

**I HEREBY CERTIFY** that I have on 25 November 2008, served a copy of the foregoing pleading on counsel for all parties to this proceeding, either by hand, by e-mail, by electronic filing, by telefax or by placing same in the United States Mail, properly addressed, and first class postage prepaid.

/s/ Emily Stevens Hardin
_____

225/3740