**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

| | |
|---|---|
| **STEPHEN MARSHALL GABARICK, et al** | **CIVIL ACTION** |
| | **No. 08-4007** |
| **VERSUS** | **REF: 08-4156** |
| **LAURIN MARITIME (AMERICA), INC., et al.** | **SECTION: I/4** |

## ORDER AND REASONS

Before the Court is a motion to dismiss American Commercial Lines, LLC and American Commercial Lines, Inc.'s (collectively "ACL") first counterclaim against Indemnity Insurance Company of North America ("IINA") pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. For the following reasons, the motion is **DENIED.**

## BACKGROUND

On July 23, 2008, the M/V TINTOMARA and the Barge DM-932, which was being towed by the M/V MEL OLIVER, collided on the Mississippi River, causing oil to spill into the river. As a result, several lawsuits were filed against ACL, the owner of the barge, DRD Towing Company, Inc. ("DRD"), the operator of the towboat, and Whitefin Shipping Co., Ltd., Laurin Maritime (America), Inc., Laurin Maritime AB; and Anglo-Atlantic Steamship Limited (collectively "the TINTOMARA interests"), the owners of the M/V TINTOMARA. The parties have filed four limitation proceedings with respect to these vessels.

1

IINA issued an insurance policy to DRD that was in effect at the time of the collision. In response to multiple demands on the Protection and Indemnity (P&I) section of its policy, IINA filed an interpleader complaint, naming as defendants DRD, ACL, law firms retained by DRD and another entity on behalf of DRD, and several plaintiffs who had filed class actions against DRD and ACL for economic and compensatory damages.[1] In connection with the interpleader action, IINA deposited its P&I policy limits, $1 million less the $15,000 deductible, into the Court's registry.[2]

IINA's complaint also requests that the Court declare, pursuant to 28 U.S.C. §2201, whether it has a duty to defend or indemnify DRD and ACL.[3] In particular, IINA requests that the Court declare (1) that the barge is not a covered vessel under the policy, (2) that any losses due to a breach of the warranty of seaworthiness or a want of due diligence by the insureds are not covered under the policy, (3) that claims against ACL or DRD for punitive or exemplary damages are not covered under the policy, and (4) that many claims against ACL and DRD are excluded from coverage under the American Institute Pollution Exclusion Clause and Buy Back Endorsement A of the Policy.[4] IINA also requests that, in the

---

[1] Civil Action No. 08-4156, Rec. Doc. No. 1, pp. 1-10.

[2] Civil Action No. 08-4007, Rec. Doc. No. 34; Civil Action No. 08-4156, Rec. Doc. No. 1, p. 16, para. 29.

[3] Civil Action No. 08-4156, Rec. Doc. No. 1, p. 17, para. 34.

[4] *Id.*

2

event the Court finds that the IINA policy covers claims by or against DRD or ACL, the Court declare that its liability cannot exceed the $985,000 P&I policy limits.[5]

ACL filed an answer to IINA's complaint, claiming status as an additional insured on DRD's policy and asserting crossclaims against DRD and counterclaims against IINA.[6] ACL states in its first counterclaim against IINA that the P&I coverage obligates IINA to defend ACL against any lawsuit seeking damages for bodily injury or property damage, or reimburse costs incurred in defending against these claims, and to indemnify ACL for any amounts ACL becomes legally obligated to pay as a result.

IINA filed this motion to dismiss pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure, arguing that the Court lacks subject matter jurisdiction over ACL's first counterclaim because there is no case or controversy with respect to ACL's right to indemnity and reimbursement of defense costs. IINA also moves to dismiss the counterclaim for failure to state a claim pursuant to Rule 12(b)(6), arguing that ACL cannot establish a right to relief for defense costs and indemnity solely through its counterclaim against IINA, but only after prevailing against the competing claimants to IINA's policy limits in the interpleader action.

## **LAW AND ANALYSIS**

---

[5] *Id.* at pp. 18-19, para. 35.

[6] Civil Action No. 08-4007, Rec. Doc. No. 92.

3

## I. CASE OR CONTROVERSY

Article III of the United States Constitution limits the jurisdiction of federal courts to "cases" and "controversies." *Raines v. Byrd*, 521 U.S. 811, 818, 117 S. Ct. 2312, 2317, 138 L. Ed. 2d 849 (1997); *Tex. Cable & Telecomms. Ass'n v. Hudson*, 265 F. App'x 210, 215 (5th Cir. 2008) (citing *Allen v. Wright*, 468 U.S. 737, 750, 104 S. Ct. 3315, 82, L. Ed. 556 (1984)). To establish a case or controversy, "(1) a plaintiff must state an actual or threatened injury to himself; (2) the injury must be a result of the allegedly illegal conduct of the defendant; and (3) the injury must be capable of redress by a favorable decision with respect to the challenged conduct." *Adolph v. Fed. Emergency Mgmt. Agency*, 854 F.2d 732, 735 (5th Cir. 1985).

In the absence of a case or controversy, the court must dismiss the claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because the court lacks Article III jurisdiction. *Id.* ("If [the court] ruled that there was no case or controversy [], dismissal would have had to been under rule 12(b)(1), rather than under rule 12(b)(6)."). Although Rule 12(b)(1)allows a party to challenge the Court's subject matter jurisdiction while Rule 12(b)(6) is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001), the standard of review for a Rule 12(b)(1) motion is the same as that applied to a

4

motion filed pursuant to Rule 12(b)(6). *Harrison v. Safeco Ins. Co. of Am.*, 2007 WL 1244268, at *3 (E.D. La. Jan. 26, 2007) (Barbier J.) ; *see also Jones v. Proctor Financial Corp.*, 2007 WL 4206863, at *1 (E.D. La. Nov. 21, 2007) (Fallon J.) (quoting *Harrison*, 2007 WL 1244268, at *3); *Mingo v. Meritplan Ins. Co.*, 2007 WL 4292026, at *1 (W.D. La. Dec. 4, 2007) (Minaldi J.) (citing *Harrison*, 2007 WL 1244268, at *3).

In order to survive a Rule 12(b)(6) motion to dismiss, "the plaintiff must plead 'enough facts to state a claim to relief that is plausible on its face.'" *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Bell Atl. Corp. v. Twombly*, 127 S.Ct. 1955, 1974, 167 L. Ed. 2d 929(2007)). "'Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact).'" *Id*. The court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. *See Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir. 1992). In assessing a claim, a court must accept all well-pleaded facts in the complaint as true and liberally construe all factual allegations in the light most favorable to the plaintiff. *See id*.

### A. ACL'S CLAIMS FOR INDEMNITY

IINA contends that there is no case or controversy with

respect to ACL's claims for indemnity because ACL's first counterclaim lacks any allegations that IINA has refused to indemnify ACL.[7] Indeed, ACL's counterclaim does not explicitly state that IINA has refused to indemnify ACL. Instead, ACL alleges that IINA has an obligation under its policy to "pay those sums ACL becomes legally obligated to pay as damages because of bodily injury or property damage" and that ACL has requested that IINA agree to indemnify ACL for any liability which may be assessed against ACL.[8]

In its counterclaim, ACL does not specifically refer to a failure to indemnify, although ACL does allege that IINA "breached its contractual duties and obligation to ACL under the policy." However, IINA had "fair notice" of the controversy in light of the fact that ACL filed its counterclaim in response to IINA's complaint for declaratory relief, which requests that the Court "declare whether it has any obligation to defend or indemnify" DRD

---

[7] IINA also argues that ACL's claim for a declaratory judgment that IINA must indemnify ACL should be dismissed in light of jurisprudence that an action for declaratory relief will not lie until judgment has been rendered against the insured. *See Americas Ins. Co. v. Schlumberger Ltd.*, No. 96-20906, 1997 WL 156867, at *2 (5th Cir. 1997). In a previous order, the Court addressed the issue of declaratory relief with respect to the insurer's duty to indemnify and found that the Court need not dismiss the request for declaratory relief. Rec. Doc. No. 558. *See Am. States Ins. Co. v. Bailey*, 133 F. 3d 363, 368 (5th Cir. 1998)("An actual controversy may exist when an insurance carrier seeks a declaratory judgment that it has a duty neither to defend nor indemnify its insured in a state court action that has not yet proceeded to judgment."). Likewise, the Court will not dismiss ACL's claim for a declaratory judgment. Instead, the Court will delay ruling on any issue of indemnity that is contingent on a finding of ACL's liability until liability is resolved in the underlying litigation and limitation proceedings.

[8] Rec. Doc. 92, paras. 112-116.

and ACL. *See Twombly*, 127 S. Ct. at 1964 (holding that the Federal Rules of Civil Procedure only require "'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the...claim is and the grounds upon which it rests.'" (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S. Ct. 99, 2 L. Ed. 2d 80 (1957)).

IINA's complaint for declaratory relief itself indicates that a controversy exists. By asking the Court to declare that the barge is not covered, that losses resulting from a breach of the warranty of seaworthiness or want of due diligence are not recoverable, that any claims against ACL or DRD for punitive damages are not covered and that many claims are excluded by the American Institute Pollution Exclusion Clause and Buy Back Endorsement A,[9] IINA is in effect denying coverage to ACL. ACL's counterclaim for indemnity is, therefore, not without controversy. Instead, the counterclaim is an attempt to redress the threat of excluded coverage.[10]

---

[9] Civil Action No. 08-4156, Rec. Doc. No. 1, para. 34. Specifically, IINA asks the Court to declare that many claims against ACL and DRD are excluded from coverage under the American Institute Pollution Exclusion Clause and Buy Back Endorsement A of the Policy, which provides that the IINA policy will not indemnify against any amounts paid nor insure against any liability "with respect to any loss...incurred by or imposed on the Assured, directly or indirectly, in consequence of, or with respect to, the actual or potential discharge, emission, spillage or leakage upon or into the seas...of oil...." *Id.* at para. 25.

[10] ACL's counterclaim alleges that ACL incurred substantial costs in removing the barge's wreckage. Depending on the policy's indemnity provisions, such injury, i.e. the costs expended in removing the wreckage, may be capable of redress should the Court find that IINA must indemnify ACL.
   The Court recently found that the barge, as a vessel used in connection with DRD's work but not owned by DRD, is a covered vessel under the policy pursuant to the policy's Non-Owned Vessels Clause. The Court explained, however, that its ruling does not establish that ACL is entitled to recover

7

## B. ACL's CLAIM FOR DEFENSE COSTS

IINA also argues that ACL's counterclaim fails to allege that IINA refused to reimburse ACL's defense costs and, as such, there is no case or controversy as to defense costs.[11] Moreover, in its answer to ACL's counterclaim, IINA admits that "ACL has a valid claim for reimbursement of its defense costs reasonably incurred."[12]

Notwithstanding IINA's admission that ACL has a "valid claim for reimbursement," IINA has not reimbursed ACL for its incurred costs and IINA is seeking to cap ACL's reimbursement, arguing that claims for defense costs are subject to IINA's $985,000 policy limits.[13] Moreover, IINA has acknowledged that several parties may be entitled to its limited policy proceeds, and instead of reimbursing ACL directly for costs incurred by ACL, IINA deposited its policy limits into the Court's registry to be allocated among the multiple, competing claimants. ACL filed its counterclaim in response to IINA's interpleader action and deposit of policy

---

removal costs from IINA because the Non-Owned Vessels Clause deems the barge an insured vessel "but only with respect to the liability of the Insured arising out of or in connection with such non-owned vessels." As such, IINA's responsibility to pay removal costs is contingent on a finding of DRD's liability "arising out of or in connection" with the barge.

[11] Rec. Doc. No. 192-2, para. 12. The Court recently found that IINA's policy does not obligate IINA to defend ACL, only to reimburse for defense costs incurred. Therefore, the Court will not address ACL's claim that IINA is obligated to defend ACL.

[12] Rec. Doc. No. 193, para. 76.

[13] *Id.* ("ACL has a valid claim for reimbursement of its defense costs reasonably incurred in defending the actions listed...,*subject to the policy limits.*") (emphasis added).

8

proceeds, alleging that it has incurred $250,000 in defense costs and that it continues to incur costs.[14] Although there is no dispute as to whether ACL is entitled to reimbursement of defense costs, a controversy does exist, particularly with respect to the amount to which ACL is entitled and whether an amount greater than the policy limits may be recovered by ACL against IINA.

## II. **Failure to State a Claim**

Finally, IINA argues that ACL's counterclaim should be dismissed pursuant to Rule 12(b)(6) for failure to state a claim upon which relief may be granted because a judgment on ACL's counterclaim against IINA will not entitle ACL to its requested relief.[15] According to IINA, ACL can only obtain relief by prevailing against the multiple, competing claimants seeking policy proceeds in the interpleader action, not simply by proving its

---

[14] ACL also states in its counterclaim that IINA failed to post security in DRD's limitation action for the M/V MEL OLIVER. Rec. Doc. No. 92, para. 116. IINA argues in its motion to dismiss that ACL neither alleges that IINA breached a duty owed to ACL nor that ACL suffered any harm as a result. Rec. Doc. No. 192-2, paras. 9-10. However, ACL's counterclaim alleges that ACL is an additional insured on DRD's policy, that it has a right to benefits under DRD's policy, and that IINA's failure to post security in DRD's limitation action compelled ACL to file a separate limitation action on behalf of the M/V MEL OLIVER. Rec. Doc. No. 92, paras. 109, 116. These statements allege both a duty owed to ACL as an additional insured on DRD's policy and an injury resulting from an alleged breach of the policy. Furthermore, ACL appears to seek defense costs incurred in initiating a separate limitation action. ACL's insurer posted security in the form of a letter of undertaking in the amount of $780,000. Rec. Doc. No. 92, para. 116.

[15] Rec. Doc. No. 192-2, paras. 20-22 ("Consequently, even if ACL's pleadings were taken as true there is no relief which this court may grant ACL by virtue of its First Counterclaim.")

9

counterclaim against IINA.[16] IINA seems to argue that even if ACL proves that IINA has duty to reimburse defense costs and indemnify ACL, ACL still may not obtain relief if other claimants to the policy limits prove their priority to the proceeds.

This argument misinterprets Rule 12(b)(6). ACL does not have to prove that it *will* obtain relief, only that relief is plausible. *See Twombly*, 120 S. Ct. at 1974. In support of its argument, IINA cites *United States v. Uvalde Consol. Indep. Sch. Dist.*, where the Fifth Circuit held that "a complaint is not to be dismissed under Rule 12(b)(6) unless it appears to a certainty that no relief can be granted under any set of facts that can be proved in support of its allegations." 625 F.2d 547, 549 (5th Cir. 1980)(citing *Conley*, 355 U.S. at 45, 78 S. Ct. at 102). This holding suggests that ACL's claim should not be dismissed. It does not appear "to a certainty" that ACL will not be entitled to any relief. Instead, IINA admits in its answer that ACL has a "valid claim for reimbursement."[17] The fact that ACL's right to monetary relief may be delayed by the interpleader action or that its relief may be limited, or even superseded, by the competing demands of other parties on IINA's policy does not lead the Court to conclude that ACL's counterclaim

---

[16] *Id.* at para. 21.

[17] Rec. Doc. No. 193, para. 76.

presents no right to relief.[18]

Moreover, the Court has not determined that defense costs are subject to IINA's policy limits.[19] In the event that the Court finds that defense costs fall outside the policy limits, ACL may have a right to relief against IINA, notwithstanding the demands of other claimants. In such case, ACL may be able to obtain its requested relief without having to prevail against other claimants in the interpleader action.

For the foregoing reasons,

**IT IS ORDERED** that IINA's motion to dismiss ACL's first counterclaim is **DENIED.**

New Orleans, Louisiana, January 9th, 2009.

LANCE M. AFRICK
**UNITED STATES DISTRICT JUDGE**

---

[18] ACL argues that its counterclaim "is not without a remedy" because it also seeks declaratory relief that IINA has a duty to indemnify and reimburse defense costs. Rec. Doc. No. 243, p. 11.

[19] The Court has indicated that it will resolve this issue in connection with DRD's motion to disburse defense costs. Rec. Doc. No. 557.