UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN MARSHALL GABARICK et al.** | **CIVIL ACTION** |
| | **No. 08-4007** |
| **VERSUS** | |
| | **REF: All Cases** |
| **LAURIN MARITIME (AMERICA) INC. et al.** | **SECTION I/4** |

## ORDER AND REASONS

Before the Court are two motions to dismiss class actions, filed on behalf of TINTOMARA interests and American Commercial Lines LLC ("ACL").[1] Plaintiffs' Steering Committee ("PSC") has filed an opposition to each motion.[2] For the following reasons, the motions are **GRANTED IN PART**.

### *BACKGROUND*

On July 23, 2008, the M/V TINTOMARA and the barge DM-932, which was being towed by the M/V MEL OLIVER, collided on the Mississippi River, causing oil to spill into the river. On July 24, 2008, Stephen Marshall Gabarick ("Gabarick") and Austin Sicard ("Sicard") each filed class action complaints against TINTOMARA interests, ACL, and DRD Towing

---

[1] See R. Doc. Nos. 266, 445. TINTOMARA interests include Laurin Maritime (America) Inc.; Laurin Maritime AB; Whitefin Shipping Co. Ltd.; and Anglo-Atlantic Steamship Limited.

[2] R. Doc. Nos. 474, 475. ACL filed an initial motion to dismiss class actions on November 25, 2008. R. Doc. No. 259. This motion was superseded by the second motion to dismiss filed on December 2, 2008. Therefore, **IT IS ORDERED** that the first motion to dismiss is **DISMISSED AS MOOT**.

1

Company, LLC ("DRD") pursuant to Rule 23 of the Federal Rules of Civil Procedure.[3] On July 25, 2008, TINTOMARA interests, owners of the M/V TINTOMARA, filed a complaint in limitation pursuant to the Limitation of Shipowner's Liability Act of 1851 ("Limitation Act").[4] Pursuant to Supplemental Rule F for Admiralty or Maritime Claims, the Court stayed and restrained the commencement or further prosecution of any actions against TINTOMARA interests.[5] On July 28, 2008, ACL, the barge owner, filed a limitation complaint on behalf of the DM-932.[6]

Between July 25, 2008 and July 29, 2008 no fewer than six putative class action complaints were filed.[7] On August 6, 2008, this Court consolidated all cases related to the oil spill that had been filed at that time. On August 22, 2008, DRD, the towboat operator, filed a limitation complaint on behalf of the M/V MEL OLIVER.[8] On August 29, 2008 and September 30, 2008, two additional class action complaints were filed.[9] Additional consolidation orders

---

[3] Civil Action No. 08-4007, R. Doc. No. 1; Civil Action No. 08-4012, R. Doc. No. 1.

[4] Civil Action No. 08-4023, R. Doc. No. 1.

[5] Civil Action No. 08-4023, R. Doc. No. 2 ¶6. The Court issued similar injunctive orders in the limitation proceedings filed by ACL and DRD. Supplemental Rule F states, in pertinent part:

> **(3) Claims Against Owner; Injunction**. Upon compliance by the owner with the requirements of subdivision (1) of this rule all claims and proceedings against the owner or the owner's property with respect to the matter in question shall cease. On application of the plaintiff the court shall enjoin the further prosecution of any action or proceeding against the plaintiff or the plaintiff's property with respect to any claim subject to limitation in the action.

[6] Civil Action No. 08-4046, R. Doc. No. 1.

[7] Civil Actions Nos. 08-4025, 08-4031, 08-4055, 08-4058, 08-4059, 08-4060.

[8] Civil Action No. 08-4261, R. Doc. No. 1. ACL also filed a limitation complaint on behalf of the MEL OLIVER, on October 6, 2008. Civil Action No. 08-4600, R. Doc. No. 1.

[9] Civil Action Nos. 08-4317, 08-4505.

were entered on September 11, 2008 and October 8, 2008.

The Court set a claims filing deadline of December 1, 2008, and made that deadline applicable to all four limitation proceedings. Numerous claims have since been filed within those limitation proceedings. Some of those claims contain class action allegations pursuant to Rule 23.[10] Movants now seek to dismiss "all class actions" filed against them, including both the class action complaints and class action allegations within the limitation proceedings.

## *LAW AND ANALYSIS*

**I.      Standard of Law**

A district court can dismiss a complaint, or any part of it, for failure to state a claim upon which relief can be granted if the plaintiff has not set forth a factual allegation in support of his claim that would entitle him to relief. Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007) ("Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." (citations and footnote omitted)); Cuvillier v. Taylor, 503 F.3d 397, 401 (5th Cir. 2007). This Court will not look beyond the factual allegations in the pleadings to determine whether relief should be granted. See Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999); Baker v. Putnal, 75 F.3d 190, 196 (5th Cir. 1996). In assessing the complaint, a court must accept all well-pleaded facts as true and liberally construe all factual allegations in the light most favorable to the plaintiff. Spivey, 197 F.3d at 774; Lowrey v. Tex. A&M Univ. Sys., 117 F.3d

---

[10] See, e.g., Civil Action No. 08-4007, R. Doc. No. 39, claim at 8, ¶¶VII-IX.

242, 247 (5th Cir. 1997).

## II. Discussion

In Lloyd's Leasing Ltd. v. Bates, 902 F.2d 368 (5th Cir. 1990), the Fifth Circuit squarely held that a class action may not be brought in a limitation proceeding. Id. at 370. In affirming the district court's denial of class certification, the court reasoned as follows:

> First, the class action interferes with the concursus contemplated by the limitation of liability proceeding. . . . Second, the notice requirements of the limitation proceeding are more restrictive than the notice requirements of the class action. . . . Third, the entire thrust of Supplemental Rule F is that each claimant must appear individually and this is obviously inconsistent with the class action. Staring, Limitation Practice and Procedure, 53 Tul.L.Rev. 1134, 1150 (1979). In short, "[t]he two rules are incompatible, and class representation in the sense of Rule 23 should therefore not be allowed in limitation proceedings." Id.

Id. Following Lloyd's Leasing, courts in this district have routinely stricken class action allegations when they are filed within a limitation proceeding or dismissed class action complaints when they are filed after a limitation proceeding has been instituted. See, e.g., In re: Ingram Barge Co., No. 05-4419, 2006 WL 5377855, at *1 (E.D. La. Oct. 19, 2006) (striking class allegations pursuant to Lloyd's Leasing); In re: River City Towing Servs., Inc., 204 F.R.D. 94, 97 (E.D. La. 2001) (same); Humphreys v. Antillen, N.V., Nos. 93-3799, 93-3714, 1994 WL 682811, at *3 (E.D. La. Jan. 31, 1994) (dismissing class action complaint filed after limitation proceeding). The limitation proceedings need not be resolved and limitation of liability upheld in order to dismiss class action allegations. For example, Judge Berrigan in Ingram Barge and Judge Feldman in Humphreys struck or dismissed class action allegations before deciding the

4

limitation issue.

In light of this clear precedent, the class action allegations instituted within these consolidated limitation proceedings are **STRICKEN**. Striking the allegations rather than dismissing the claims outright permits those claimants to retain their current litigation position. In addition, considering this precedent in connection with the Court's Supplemental Rule F restraining order, those putative class actions instituted after the filing of the first limitation complaint are **DISMISSED**. Said dismissal is without prejudice to the right of those litigants to refile their putative class actions in the event that limitation is denied in these proceedings.

A distinct question is presented with respect to those putative class actions filed prior to the filing of any limitation complaint.[11] The PSC does not dispute that this Court's prior orders have stayed and restrained the further prosecution of those lawsuits.[12] The only question then is whether to dismiss those putative class actions or simply to retain the status quo, in which all further prosecution has been enjoined pending resolution of the limitation complaints. The Court sees no reason to dismiss those two putative class action lawsuits while they remain stayed pending resolution of the limitation question in these consolidated proceedings.

### III.   Conclusion

Accordingly,

**IT IS ORDERED** that the motions to dismiss are **GRANTED IN PART** as follows. All class action allegations contained in claims filed within the consolidated limitation proceedings

---

[11] The two putative class actions bearing case numbers lower than the first limitation complaint are the complaints filed by Gabarick and Sicard. See Civil Action Nos. 08-4007, 08-4012.

[12] See, e.g., Civil Action No. 08-4023, R. Doc. No. 2, order ¶6.

are **STRICKEN**. All class action complaints instituted after the filing of the initial limitation complaint are **DISMISSED WITHOUT PREJUDICE**.[13] Civil Action Nos. 08-4007 and 08-4012 remain **STAYED** pending resolution of the limitations proceedings.

**IT IS FURTHER ORDERED** that the motion to certify class,[14] filed on behalf of plaintiffs in Civil Action No. 08-4007 is **DISMISSED WITHOUT PREJUDICE** as premature.

**IT IS FURTHER ORDERED** that ACL's first motion to dismiss,[15] filed on November 25, 2008, is **DISMISSED AS MOOT**.

New Orleans, Louisiana, January 12, 2009.

**LANCE M. AFRICK
UNITED STATES DISTRICT JUDGE**

---

[13] Civil Action Nos. 08-4025, 08-4031, 08-4055, 08-4058, 08-4059, 08-4060, 08-4317, 08-4505.

[14] R. Doc. No. 5.

[15] R. Doc. No. 259.