# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **STEPHEN MARSHALL GABARICK, ET AL.** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO. 08-4007** |
| | * | **REF.: ALL CASES** |
| | * | |
| **LAURIN MARITIME (AMERICA) INC., ET AL.** | * | **SECTION "B"(4)** |

## ORDER AND REASONS

Before the Court is the Motion for Partial Summary Judgment (Rec. Doc. No. 790) filed by the Tintomara interests Laurin Maritime (America) Inc., Laurin Maritime AB, Whitefin Shipping Co. Ltd., and Anglo-Atlantic Steamship Ltd. ("Tintomara"). American Commercial Lines ("ACL") has filed an opposition (Rec. Doc. No. 807), and Tintomara filed a reply (Rec. Doc. No. 812). After reviewing the motion, responses, and applicable law, and for the reasons that follow,

**IT IS ORDERED** that Tintomara's Motion for Partial Summary Judgment (Rec. Doc. No. 790) is **GRANTED** as to the Oil Pollution Act claims only.

### *BACKGROUND*

On July 23, 2008, the M/V TINTOMARA, an ocean-going tanker, was traveling down the Mississippi River in the New Orleans Harbor. The M/V MEL OLIVER, a towboat owned by ACL but operated by employees of D.R.D. Towing, LLC ("DRD") was traveling up the same waterway while pushing the DM-932, a tank barge also owned by ACL, which was loaded with oil. The M/V TINTOMARA and the tank barge collided, which resulted in a large oil spill in the Mississippi

River.

Several actions were filed as a result of this collision, including limitation of liability actions by ACL, Tintomara, and DRD, an interpleader action by Indemnity Insurance Company of North America, and declaratory judgment actions by ACL. Claims were also filed in the limitation proceedings, including a claim by ACL against Tintomara for damages incurred to clean up the oil spill, in addition to claims by various plaintiffs seeking compensation for damages allegedly caused by the spill. Most of these actions have been consolidated.

Tintomara contends that it is entitled to summary judgment as to all claims asserted by ACL against Tintomara under the Oil Pollution Act of 1990 ("OPA"), 33 U.S.C. § 2701 et seq. Specifically, Tintomara alleges that it cannot be treated as a responsible party under the OPA because ACL had a contract with DRD, the party allegedly at fault in the collision. Furthermore, Tintomara alleges that ACL is not entitled to subrogation or contribution under the OPA, although such relief may be available under general maritime law.

ACL contends that its designation by the Coast Guard as a potential responsible party does not preclude Tintomara from also being a responsible party under the OPA. Essentially, ACL argues that Tintomara's motion is premature, as there is insufficient evidence to determine who was at fault in the collision.

2

*DISCUSSION*

Summary judgment is proper if the pleadings, depositions, interrogatory answers, and admissions, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c); *see Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986). A genuine issue of material fact exists if the evidence would allow a reasonable jury to return a verdict in favor of the nonmovant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Although the Court must consider the evidence and all reasonable inferences in the light most favorable to the nonmovant, the nonmovant must still produce specific facts to demonstrate that a genuine issue exists for trial. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The nonmovant must go beyond the pleadings and use affidavits, depositions, interrogatory responses, admissions, or other evidence to establish a genuine issue. *Celotex Corp.*, 477 U.S. at 324. Accordingly, conclusory rebuttals of the pleadings are insufficient to avoid summary judgment. *Travelers Ins. Co. v. Liljeberg Enters., Inc.*, 7 F.3d 1203, 1207 (5th Cir. 1993).

Under the OPA, Tintomara — a non-discharging party — would be liable as a responsible party only if there was no fault on the part of ACL and no fault on the part of DRD. *See* 33 U.S.C. § 2702(d)(1)(A). Testimony from DRD's steersman John Bavaret

reflects that at least some fault is attributable to the actions of DRD and/or ACL. (*See* Rec. Doc. No. 812, pp. 3-4.) Furthermore, ACL is not precluded from seeking contribution under any law other than the OPA. Accordingly,

**IT IS ORDERED** that Tintomara's Motion for Partial Summary Judgment (Rec. Doc. No. 790) is **GRANTED** as to the OPA claims only.

New Orleans, Louisiana, this 6th day of January, 2010.

_____
IVAN L.R. LEMELLE
UNITED STATES DISTRICT JUDGE