# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| STEPHEN MARSHALL GABARICK | CIVIL ACTION |
|---|---|
| VERSUS | NO. 08-4007<br>REF: ALL CASES |
| LAURIN MARITIME (AMERICA), INC. | SECTION: "B"(4) |

## ORDER AND REASONS

Before the Court is American Commercial Lines' ("ACL") Motion to Dismiss with prejudice the claims of the claimant Kevin Pettigrew ("Claimant") and to require an executed receipt and release agreement. Accordingly, and for the reasons below,

**IT IS ORDERED** that the claims of Kevin Pettigrew are **DISMISSED, WITH PREJUDICE,** each party to bear its own costs and attorney fees.

## CONTENTIONS OF THE PARTIES

**A.   Contentions of ACL**

ACL contends that Claimant accepted settlement funds in accordance with the April 1, 2011 Order of this Court but has failed to execute a Receipt and Release Agreement as agreed upon by the parties. (Rec. Doc. No. 1406-2, pp.4-5).

ACL also contends that there was never an agreement or settlement condition that Claimant be paid settlement funds within 30 days. (Rec. Doc. No. 1420-2, p.2). Furthermore, ACL urges that it neither provided nor controlled settlement funds and that there is no evidence that ACL did anything to delay the disbursement of settlement funds. (Rec. Doc. No. 1420-2, p.3).

B.  **Contentions of Claimant**

Claimant urges that the parties agreed that he would receive the settlement payment within the month of the modified settlement agreement and that the entire agreement was based on that timely payment. (Rec. Doc. No. 1419 at 5). Claimant contends that ACL deliberately failed to follow the terms of the agreement and that the agreement is therefore voided. *Id.*

## LAW AND ANALYSIS

A.  **Standard of Review**

In a case in which the motion deals with issues outside of the pleadings, the court is required to "treat the motion as one for summary judgement and to dispose of it as required by Rule 56." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283 (5th Cir. 1990), citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)). Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" affirmatively show that there is no genuine issue of material fact. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins.* Co., 530 F.3d 395, 398 (5th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

The court is required to draw inferences of fact in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a motion for summary judgment must set forth specific facts showing that there are genuine issues of material fact to be presented at trial. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 247-48 (1986).

**B. Analysis**

On March 21, 2011, the parties agreed to modify the settlement agreement and filed a joint Consent Motion to that effect. (Rec. Doc. No. 1112). The Motion requested that the additional payment of $125,000 be made to Claimant "at this time" but did not suggest, as Claimant does now, that the money was to be paid "within the month." (Rec. Doc. No. 1112-1, p.2). The Motion did, however, note Houston Casualty's request that the Order provide thirty days for the disbursement. (*Id.* at p.4). Counsel for Claimant subsequently sent a letter to chambers requesting immediate disbursement. (Rec. Doc. No. 1419-1). Nonetheless, on April 1, 2011, this Court ordered disbursement of $125,000 to be made out of the Registry Funds within thirty days from that Order. (Rec. Doc. No. 1124). The Financial Unit so complied. (Rec. Doc. No. 1406, p.4).

Claimant's complaint, a year later, that the funds were not timely, is to no avail. The parties entered into a settlement agreement, and Claimant received funds in accordance with that

agreement. Payment was made as ordered by the Court. There is no genuine dispute as to any material fact.

New Orleans, Louisiana, this 28th day of June, 2012.

_____
UNITED STATES DISTRICT JUDGE