UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

STEPHEN MARSHALL GABARICK                        CIVIL ACTION

VERSUS                                           NO. 08-4007

LAURIN MARITIME (AMERICA), INC.                  SECTION: "B"(4)

ORDER AND REASONS

Before the Court is American Commercial Lines' ("ACL") Motion to Dismiss with prejudice the claims of the claimants/plaintiffs represented by Messrs. Daniel E. Becnel, Jr. and Camilo K. Salas, II ("Claimants"). (Rec. Doc. No. 1414). Accordingly, and for the reasons below,

**IT IS ORDERED** that any claimant having either or both received settlement funds and executed settlement agreements be deemed to have satisfied the requirements of compromise entered into by the parties. Those compliant claimants' claims are thereby **DISMISSED**. **IT IS FURTHER ORDERED** that the parties confer and thereafter provide a joint report to the Court no later than **September 14, 2012** reflecting: 1) the names of the claimants who received settlement funds; 2) the names of the claimants who signed settlement agreements, and; 3) the names of the claimants who did not receive settlement funds or execute agreements. After receipt of the joint report, an appropriate order will be issued dismissing with prejudice the claims of all claimants who did not receive settlement funds or execute agreements pursuant to prior court directives.

ACL contends that pursuant to this Court's order on November 16, 2010, Claimants' counsel should be required to return to the Registry of the Court funds of the 283 claimants who never executed a release. (Rec. Doc. No. 1414-3, p.3). The November 16, 2010 Order provided that any claimant/plaintiff not completing the settling documents within 90 days shall have his or her claim dismissed with prejudice. (Rec. Doc. No. 1414-3, p.3, citing Rec. Doc. No. 1073, p.4). Any amount of money remaining with counsel after the 90 day period is required to be returned to the Registry of the Court. (Rec. Doc. 1414-3, p.4).

ACL contends that Claimants via counsel should re-deposit into the Registry of the Court $183,950 paid out to 125 claimants who were not authorized by the court to receive the settlement checks because they never executed a release. (Rec. Doc. No. 1418-2, p.4). ACL contends that Claimants' counsel issued these checks at its own personal risk and expense. (Rec. Doc. No. 1418-2, p.4). ACL further contends that Claimants' counsel should be directed to redeposit into the Registry of the Court an additional $3,250, which was paid to claimants who were not included in the settling claimants. (Rec. Doc. No. 1418-2, p.4).

Claimants first contend that ACL's motion and request does not allow enough time for it to review the documents, checks, and bank statements underlying the motion. (Rec. Doc. No. 1416, p.2). Claimants suggest that the most expeditious way for the parties to

2

resolve the discrepancies is for counsel to meet and review the documents. (Rec. Doc. No. 1416, p.33). After the parties meet, then they can produce a joint report, after which it would be appropriate for the court to consider the issues raised in the motion. (Rec. Doc. No. 1416, p.4). In response to ACL's allegation that certain individuals received multiple checks, Claimants' counsel maintain that no one received more than one check to its knowledge. (Rec. Doc. No. 1416, p.4). Counsel admit that they sent follow-ups of the release to certain plaintiffs, but that those releases were sent back to counsel. (Rec. Doc. No. 1416, p.4).

## LAW AND ANALYSIS

**A. Standard of Review**

In a case in which the motion deals with issues outside of the pleadings, the court is required to "treat the motion as one for summary judgement and to dispose of it as required by Rule 56." *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1283 (5th Cir. 1990), citing *Carter v. Stanton*, 405 U.S. 669, 671 (1972)). Rule 56 of the Federal Rules of Civil Procedure provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56. Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits" affirmatively show that there is no genuine issue of

material fact. *Delta & Pine Land Co. v. Nationwide Agribusiness Ins. Co.*, 530 F.3d 395, 398 (5th Cir. 2008); *Washburn v. Harvey*, 504 F.3d 505, 508 (5th Cir. 2007).

The court is required to draw inferences of fact in a light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). A party opposing a motion for summary judgment must set forth specific facts showing that there are genuine issues of material fact to be presented at trial. *See* Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby Inc.*, 477 U.S. 247-48 (1986).

**B.  Analysis**

"Although federal courts possess the inherent power to enforce agreements entered into in settlement of litigation, the construction and enforcement of settlement agreements is governed by the principles of state law applicable to contracts generally." *E. Energy, Inc. v. Unico Oil & Gas, Inc.*, 861 F.2d 1379, 1380 (5th Cir. 1988)(internal quotation marks omitted). Pursuant to La. C.C. art. 3072, "A compromise shall be made in writing or recited in open court, in which case the recitation shall be susceptible of being transcribed from the record of the proceedings." The Fifth Circuit has held that a sixty-day dismissal order satisfies the requirement that a settlement be in writing. *Mull v. Marathon Oil Co.*, 658 F.2d 386, 388 (5th Cir. 1981); *see also Morrow v. Am. Bank & Trust Co.*, 397 F.Supp. 803, 810 (M.D.La. 1975), *aff'd*, 547 F.2d

4

309 (5th Cir. 1977) (holding "writing" requirement to be satisfied when plaintiff's attorney announced a case as settled).

On November 16, 2010, this Court issued its Order giving the Claimants 90 days from the receipt of the settlement funds to obtain executed Release and Receipt Agreements. (Rec. Doc. No. 1073, p.3). The Order further provided that proceeds remaining in the possession of counsel after 90 days are to be returned to the Registry of the Court and that any Claimant/Plaintiff not completing the settlement documents within the 90-day period shall have his or her claim dismissed with prejudice. (*Id.*).

The pleadings before the Court contain no reason to deviate from the Court's prior Order. However, there appears to be significant disagreement among the parties regarding which claimants actually received settlement funds and which claimants signed settlement agreements. At this time, therefore, the Court will not grant ACL's motion.

New Orleans, Louisiana, this 6th day of September, 2012.

_____
UNITED STATES DISTRICT JUDGE