UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| STEPHEN MARSHALL GABARICK and BERNARD ATTRIDGE On Behalf of Themselves and All Others Similarly Situated <br><br> VERSUS <br><br> LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED; D.R.D. TOWING COMPANY, LLC; AMERICAN COMMERCIAL LINES, INC.; and THE NEW ORLEANS-BATON ROUGE STEAMSHIP PILOTS ASSOCIATION | CIVIL ACTION <br><br> NUMBER:  08-4007 <br> c/w  08-4012; 08-4023; 08-4025; 08-4031; 08-4046; 08-4055; 08-4058; 08-4059; 08-4060; 08-4156; 08-4261; 08-4317; 08-4505; 08-4600; 08-4701 <br><br> PERTAINS TO ALL CASES <br><br> SECTION: "B" – (4) <br><br> JUDGE: <br> IVAN L.R. LEMELLE <br><br> MAGISTRATE JUDGE: <br> KAREN WELLS ROBY |

## REPLY

ACL seeks to avoid execution of TINTOMARA's judgment against D.R.D. and MEL OLIVER *in rem* by arguing that this Court is divested of jurisdiction to execute the judgment pending ACL's appeal.  ACL's argument flies in the face of Federal Rules of Civil Procedure Rule 62(d), which requires a party seeking to stay execution of a judgment to move for the stay and post a *supersedeas* bond.  The rest of ACL's opposition merely asserts "what-if scenarios" that do not support a departure from this Honorable Court's stay procedure.  Accordingly, there should be no delay in executing TINTOMARA's judgment against the non-appealing D.R.D.

1

### This Court is Not Divested of Jurisdiction to Execute its Judgment

Federal Rules of Civil Procedure Rule 62 governs the execution of judgments and the effect of an appeal. While Rule 62(a) imposes an automatic stay for 14 days after entry of a judgment, the stay is lifted once those 14 days expire. Rule 62(d) specifically provides that an appellant may move for further stay of execution, and obtain one by posting a *supersedeas* bond. ACL did not move for such a stay, nor did it post a bond. Federal Rules of Appellate Procedure Rule 8 also permits a motion to stay execution of a judgment, but that rule provides that "[a] party must ordinarily move first in the district court…." These basic and explicit rules govern staying the execution of a judgment.

The two cases cited by ACL in support of its jurisdictional argument do not deal with execution of a judgment. In *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56 (1982), the Supreme Court described the case before it: "The petition for certiorari questions the validity of a notice of appeal filed after the entry of the District Court's judgment but while the appellant's motion to alter or amend that judgment remained pending in the District Court." *Id*. The Supreme Court resolved the issue and determined that a premature notice of appeal is ineffective: "We disagree. The notice of appeal filed in this case on November 19, 1980, was not merely defective; it was a nullity." *Id*. at 61. The *Griggs* Court did not address the issue of whether a judgment could be enforced while an appeal was pending.

Similarly, *Green v. Board of Sup'rs of Louisiana State University* et al., 341 Fed.Appx. 6 (5th Cir. 2009), did not deal with execution of a judgment. In *Green*, a party sought to amend

2

PD.8267785.1

the trial court record after a notice of appeal had been filed timely. *Id*. at 8. The *Green* Court's statements regarding jurisdiction, taken out of context, do not support the argument that an appeal, without more, stays the execution of a judgment.

Reading *Griggs* or *Green* as divesting a trial court of the ability to execute a judgment would make the express language of F.R.C.P. Rule 62 and F.R.A.P. Rule 8 meaningless. As ACL has not provided authority to support such an outcome, this Court should decline ACL's invitation to strip the rules of their significance. If ACL's argument were the rule, no one would move for a Rule 62(d) stay and post a *supersedeas* bond, they would simply file a notice of appeal.

In addition to ACL's failure to request a Rule 62(d) stay, it is important to note that neither D.R.D. or its insurers, IINA and Houston Casualty, appealed this Court's judgment against D.R.D. and MEL OLIVER *in* rem. Nor did they appeal this Court's exoneration of TINTOMARA interests, or oppose this motion to disburse. Accordingly, pursuant to Rule 62, TINTOMARA may execute its judgment and collect the $750,000 in damages which were stipulated to by D.R.D. and ACL.

### ACL's Additional Arguments Do Not Entitle it to a Non-Rule 62 Stay

Perhaps aware that it has not followed the Rules of Federal Procedure, ACL argues for some sort of novel, equitable stay. ACL's arguments do not support delaying the satisfaction of this judgment. First, ACL argues that the appellate court may overrule this Court's fact-based liability apportionment and determine that TINTOMARA bear one-third of the fault for this

collision. The likelihood of reversal on appeal is not unique to the facts of this case, therefore, there is no reason to depart from this Court's rules for staying execution on appeal.

In the very unlikely event that such a reversal occurs, ACL's remedy against TINTOMARA would be in the $53 million TINTOMARA limitation proceeding, in which ACL has filed a claim. ACL has no standing to attack the judgment that TINTOMARA has against D.R.D. and the MEL OLIVER *in rem*, when there has been no appeal by D.R.D., or MEL OLIVER *in rem*, of that judgment.

Finally, ACL argues that if TINTOMARA is permitted to recover against D.R.D., the amount of that recovery should be added to TINTOMARA's limitation fund. ACL has not filed a motion to increase TINTOMARA's limitation fund. Without a motion to increase the limitation fund, ACL's arguments are not before this Court. However, even if the issue were before the Court, it is a red-herring that does not impact this motion for disbursement.

ACL cites two cases, *O'Brien v. Miller*, 168 U.S. 287 (1897) and *Phillips v. Clyde S.S. Co.*, 17 F.2d 250 (4th Cir. 1927), holding that if a vessel owner claiming limitation of liability has a right to restoration of its physical property, the recovery of the restoration cost should benefit the claimants in limitation. Both courts reasoned that a vessel owner who was required to transfer the post-collision value of its vessel and pending freight in order to limit its liability should not be able to collect and retain the value of any collision damage which diminished the limitation fund, to the detriment of the claimants.

The Fifth Circuit has addressed this issue, and agreed that the limitation fund need only be increased for physical damage or lost freight recoveries. In *Guillot v. Cenac Towing Co., Inc*., 366 F.2d 898, 910-11 (5th Cir. 1966) the Fifth Circuit recognized that while there is authority to increase the limitation fund, it is only for damages that would have otherwise been part of the limitation fund: "But these refer to claim[s] for loss of or damage to the vessel and which, had they not been incurred, would have added to the value surrendered."

While any physical damage recovery must be added to the recovering vessel owner's limitation fund, the vessel owner may deduct the vessel owner's attorney fees and costs which were incurred in obtaining the recovery. As the *Phillips* Court stated: "The fund thus recovered, under the terms of the decree in the limitation of liability case, inures in no way to the benefit of the appellant. Equity requires, therefore, that he be reimbursed for the expenses incurred in the recovery." *Id*. at 253.

TINTOMARA's physical damage recovery is exceeded by the expenses of obtaining the recovery. TINTOMARA's limitation fund was only reduced by $110,000.00 in physical damage,[1] which is far exceeded by the costs associated with this nine-day, four-party trial. Indeed, the Clerk of Court has already determined that TINTOMARA interests incurred

---

[1] TINTOMARA's Limitation Fund is $53,003,664.75 (See 08-cv-4023, Rec. Doc. 1-3), representing the vessel's value and her pending freight, less her physical damage. At the outset of this litigation TINTOMARA interests filed a vessel valuation certificate of $52,000,000.00, an affidavit of pending freight in the amount of $1,113,664.75, and an affidavit stating that TINTOMARA suffered physical damage in the amount of $110,000.00 (collectively, 08-cv-4023, Rec. Doc. 1-2).

5

$107,639.91 solely in recoverable costs. (08-cv-4007, Rec. Doc. 1472). Therefore, the TINTOMARA Limitation Fund should not be increased.

### Conclusion

For the above and foregoing reasons, the motion should be granted and the Court should order the disbursement by the Clerk of $750,000.00 to Whitefin Shipping Co. Ltd.

RESPECTFULLY SUBMITTED,

**PHELPS DUNBAR LLP**

BY: */s/ Raymond T. Waid*
DAVID B. LAWTON (#8149)
MICHAEL M. BUTTERWORTH (#21265)
RAYMOND T. WAID (#31351)
Canal Place, 365 Canal Street • Suite 2000
New Orleans, Louisiana 70130-6534
Telephone: (504) 566-1311
Telecopier: (504) 568-9130
Attorneys for Laurin Maritime (America) Inc.; Laurin Maritime AB; Whitefin Shipping Co. Ltd.; and Anglo-Atlantic Steamship Limited

## **CERTIFICATE OF SERVICE**

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by the Court's CM/ECF system on this 4th day of February, 2013.

*/s/ Raymond T. Waid*
RAYMOND T. WAID
