```
                UNITED STATES DISTRICT COURT
                EASTERN DISTRICT OF LOUISIANA
```

**STEPHEN MARSHALL GABARICK, ET AL.**          CIVIL ACTION

**VERSUS**                                     NO. 08-4007
                                               **PERTAINS TO 09-4466**

**LAURIN MARITIME (AMERICA), INC., ET AL.**    SECTION: "B"(4)

## ORDER AND REASONS

Before the Court are the trial briefs, responses, and replies filed by the United States ("Government") and American Commercial Lines, LLC ("ACL"), regarding Civil Action No. 09-4466, *American Commercial Lines, LLC v. D.R.D. Towing Company*, LLC ("DRD") ("the nullification action").[1] (Rec. Docs. No. 1511, 1513, 1517, 1518, 1521, & 1527). Accordingly, and for the reasons articulated below,

**IT IS ORDERED** that ACL's complaint seeking declaratory judgment to void the charters between itself and DRD is barred by judicial estoppel and is hereby **DISMISSED with prejudice**.

**IT IS FURTHER ORDERED** that, in view of the foregoing Order, the oral argument in the above-captioned matter set for June 12, 2013 is **CANCELLED**.

Facts of the Case and Procedural History:

This consolidated matter arises out of the collision between

---

[1] Pursuant to the parties' consent motion, the instant action was submitted on the briefs based on the trial record from the related limitation action, Civil Action No. 08-4007, *Gabarick v. Laurin Maritime (America), Inc., et al.* (*See* Rec. Docs. No. 1498 & 1503).

the ACL owned barge DM-932, under tow by the M/V MEL OLIVER, with the M/V TINTOMARA. (Rec. Docs. No. 1435 at 1, 1383, pp. 39-43). The collision resulted in the sinking of that fuel oil laden barge, damages to the M/V TINTOMARA, and various other claims involving a series of vessel chartering agreements between ACL and D.R.D. Towing Company, LLC ("DRD"), as well as numerous contracting and operational agreements with Laurin Maritime (America) Inc., Laurin Maritime AB, Whitefin Shipping Co. Ltd., and Anglo-Atlantic Steamship Limited(collectively "TINTOMARA interests"). *Id*. In July and August of 2011, a bench trial was held with respect to the limitation actions filed by TINTOMARA interests, ACL, and DRD. (*See* Civil Action No. 08-4007, member cases: 08-4023, 08-4046, 08-4261, 08-4600). The Court rendered an opinion finding DRD and the M/V MEL OLIVER solely at fault for the collision and entered judgment in favor of TINTOMARA interests against DRD, which is currently under appeal. (Rec. Docs. No. 1435 at 29-30, 1436, & 1441).

In the instant nullification action (Civil Action No. 09-4466), ACL seeks declaratory judgment establishing that it did not have a valid contractual relationship with DRD at the time of the collision.[2] (Rec. Doc. No. 1508 at 4).

---

[2]In a separate action, the Government has brought a claim against ACL and DRD, seeking to recover Government payments and expenses in cleanup of the oil spill resulting from the collision. (*See* Civil Action No. 11-2076, *United States of America v. American Commercial Lines, LLC and D.R.D. Towing Company, LLC*). ACL asserts that if it prevails in the instant nullification action by establishing that it did not share a contractual relationship with DRD at the

2

<u>Law & Analysis</u>

"[W]here a party assumes a certain position in a legal proceeding, and <u>succeeds in maintaining that position</u>, he may not thereafter, <u>simply because his interests have changed</u>, assume a contrary position."  *New Hampshire v. Maine*, 532 U.S. 742, 749 (2001), quoting *Davis v. Wakelee*, 156 U.S. 680, 689 (1895), *emphasis added*.  "The doctrine [of judicial estoppel] <u>prevents internal inconsistency</u>, precludes litigants from 'playing fast and loose' with the courts, and <u>prohibits parties from deliberately changing positions based upon the exigencies of the moment</u>." *Ergo Science, Inc. v. Martin*, 73 F.3d 595 (5th Cir. 1996), citing *United States v. McCaskey*, 9 F.3d 368, 378 (5th Cir. 1993), *emphasis added*.  Because judicial estoppel is designed to protect the judicial system, not the litigants, it is an equitable doctrine to be invoked by a court at its discretion. *New Hamphsire,* 532 U.S. at 750; *In re Superior Crewboats*, 374 F.3d 330, 334 (5th Cir. 2004). "Judicial estoppel is properly defined as a bar against the alteration of a factual assertion that is inconsistent with a position sworn to and benefited [sic] from in an earlier proceeding."  *McCaskey*, 9F.3d at 378, citation omitted.

---

time of the collision, it cannot be held liable to the Government.  (Rec. Doc. No. 1508 at 4).  The Government was granted permissive intervention in the instant nullification action.  (Rec. Doc. No. 1510).  The Court denied TINTOMARA interests' motion for permissive intervention.  (Rec. Doc. No. 1526).  DRD has filed for bankruptcy and is not actively opposing ACL in the instant nullification action.  (See Rec. Doc. No. 1514-1).

Accordingly, two elements must be satisfied for a party to be judicially estopped: 1)"[T]he position of the party to be estopped is clearly inconsistent with its previous one;" and 2) "that party must have convinced the court to accept that previous position." *Hall v. GE Plastic Pacific PTE Ltd.*, 327 F.3d 391 (5th Cir. 2003), quoting *Ahrens v. Perot Systems, Corp.*, 205 F.3d 831, 833 (5th Cir. 2000).

In *New Hampshire*, New Hampshire attempted to assert a position about its marine boundary with the state of Maine that was inconsistent with the terms of an earlier Supreme Court consent decree between the two states. 532 U.S. at 752. The Supreme Court noted that in the prior proceedings, New Hampshire offered two alternate interpretations of the marine boundary, and even preferred the position that was not ultimately adopted in the consent decree. *Id*. at 751-52. However, the Court still held that New Hampshire's attempt to urge an inconsistent argument was barred by judicial estoppel.[3]  *Id*. at 755-756.

Here, ACL argued in the related limitation of liability action that it was relieved of liability for the negligence of DRD and its crew, pursuant to the very bareboat charters it now seeks to

---

[3] "Having convinced this Court to accept one interpretation [of the marine boundary] and having benefitted from that interpretation, New Hampshire now urges an inconsistent interpretation to gain an additional advantage at Maine's expense.  Were we to accept New Hampshire's latest view, the 'risk of inconsistent court determinations' would become a reality.  We cannot interpret the [marine boundary] to mean two different things ... without undermining the integrity of the judicial process."

nullify. (Rec. Doc. No. 1381 at 59, "ACL, as the owner of the MEL OLIVER under bareboat charter to DRD is not liable for the negligence of DRD or its crew."; at 58, "[T]here is no evidence that [the charters] were anything other than what they purported to be, valid and customary charters."). Therefore, the first prong for judicial estoppel is satisfied: By arguing now that the charters were void *ab initio*, ACL takes a position inconsistent with its earlier arguments, where it relied on the "valid and customary charters" to avoid liability for DRD's negligence.

Further, ACL's argument that judicial estoppel should not apply, because it previously pled the alternative argument that the charters were void *ab initio*, is without merit. (Rec. Doc. No. 1517 at 5). Both Supreme Court and Fifth Circuit precedent is clear: Once a party succeeds in getting a court to accept its prior position, that party is judicially estopped from asserting a subsequent inconsistent position, regardless of whether alternate theories were presented in the prior proceedings. *New Hampshire v. Maine*, 532 U.S. at 749; *Hall*, 327 F.3d 391. It appears that ACL has changed its position in the instant action "simply because [its] interests have changed," and it seeks declaratory judgment in order to avoid liability in the related suit brought by the Government. (Rec. Doc. No. 1508 at 4, "If ACL prevails in the declaratory judgment action and establishes that it did not have a valid contractual relationship with DRD at the time of the

5

collision, it will prevail on its counterclaim against the United States."). However, this Court has already accepted ACL's argument that valid bareboat charters existed.[4] (Rec. Doc. No. 1435 at 10). Therefore, to prevent internal inconsistency,

**IT IS ORDERED** that ACL is judicially estopped from bringing the instant action to nullify the charters between ACL and DRD, and the instant action is **DISMISSED with prejudice**.

New Orleans, Louisiana, this 11th day of June, 2013.

	_____
	UNITED STATES DISTRICT JUDGE

---

[4] The pending appeal of the judgment in the limitation action does not prevent application of the judicial estoppel doctrine; the requirement of acceptance by a court "only requires that the first court has adopted the position urged by the party, either as a preliminary matter or as part of a final disposition." *In re Superior Crewboats*, 374 F.3d at 335.