# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **STEPHEN MARSHALL GABARICK and BERNARD ATTRIDGE** On Behalf of Themselves and All Others Similarly Situated<br><br>**VERSUS**<br><br>**LAURIN MARITIME (AMERICA), INC.; WHITEFIN SHIPPING CO. LIMITED; D.R.D. TOWING COMPANY, LLC; AMERICAN COMMERCIAL LINES, INC.; and THE NEW ORLEANS-BATON ROUGE STEAMSHIP PILOTS ASSOCIATION** | **CIVIL ACTION**<br><br>**NUMBER: 08-4007**<br>**c/w** 08-4012; 08-4023; 08-4025; 08-4031; 08-4046; 08-4055; 08-4058; 08-4059; 08-4060; 08-4156; 08-4261; 08-4317; 08-4505; 08-4600; 08-4701<br><br>**PERTAINS TO 08-4600**<br><br>**SECTION: "B" – (4)**<br><br>**JUDGE:**<br>**IVAN L.R. LEMELLE**<br><br>**MAGISTRATE JUDGE:**<br>**KAREN WELLS ROBY** |

## REPLY MEMO TO ACL OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AGAINST NATIONAL LIABILITY AND FIRE INSURANCE COMPANY

TINTOMARA interests (Laurin Maritime (America) Inc.; Laurin Maritime AB; Whitefin Shipping Co. Ltd.; and Anglo-Atlantic Steamship Limited), offers the following response to ACL's Opposition Memorandum:

ACL's basis for opposing the summary judgment against the security posted for MEL OLIVER in the limitation proceeding is the finding that ACL *in personam* was exonerated. The MEL OLIVER, however, was held liable *in rem*, and a judgment was entered in favor of

1

TINTOMARA interests and against MEL OLIVER *in rem* in the specific ACL liability proceeding (08-4600) in which the letter of undertaking was filed.[1]

A limitation of liability proceeding provides the basis to substitute a guarantee for the vessel to secure the vessel's *in rem* liability.  As such, the proceeding is in the nature of both an *in personam* action and an *in rem* action.

ACL explained this relationship to the Court in its briefing four years ago. ACL's recapitulation of the law bears repeating at length.  Here is what ACL said:

> The jurisdiction of the admiralty court attaches *in rem* and *in personam* by reason of the custody of the *res* put by the petitioner into its hands....
> * * *
> The [security] is a substitute for the vessel itself and the freight...
>
> Id. at 217, 218. [quoting Hartford Accident & Indem. Co. of Hartford v. Southern Pac. Co., 273 U.S. 207 (1927)]. The Court quoted Mr. Justice Story on the effect of posting security in an admiralty action:
>
> Whenever [security] is taken in an admiralty suit, ... the [security] is deemed a mere substitute for the thing itself, and the [sureties] liable to the exercise of all those authorities on the part of the court, which it could properly exercise, if the thing itself were still in its custody.
>
> Id. at 218 – 219 (quoting *The Palmyra*, 12 U.S. 1, 10 (1827)). Although Justice Story was discussing security in the context of property that had actually been seized, the Court applied the same rule to the security voluntarily posted in a limitation action by noting that the limitation security "is a substitute for the vessel itself and the freight." *Id*. at 218. Therefore, a court in a limitation action "may enter judgment in personam against the owner as well as judgment in rem

---

[1] CA 08-4600, R.Doc. 21.

against the res, or the substituted fund.  See also *Just v. Chambers*, 312 U.S. 383, 386 (1941) (describing the Limitation Act as "applying to proceedings in rem against the ship as well as proceedings in personam against the owner").[2]

ACL's opposition ignores the fact that there is an *in rem* judgment in the very action in which the letter of undertaking is posted.  The proceedings were *in rem* as well as *in personam*, judgment was rendered *in rem*, it is a final judgment, and the security posted by ACL as owner of MEL OLIVER must respond.  **ACL's innocence is utterly irrelevant -- MEL OLIVER is liable *in rem*.**

Nor is there any defense raised by the letter of undertaking.  It promises that National Liability will pay a claimant (which TINTOMARA interests are) with a final decree (which TINTOMARA interests have) in the ACL limitation proceeding.[3]

ACL's suggestion that there be a pro-rata distribution of funds from National Liability has no basis whatsoever.  **ACL was not a claimant in its own limitation proceeding and so by the very terms of the letter of undertaking it submitted to the Court cannot recover from that security**.  Further, ACL cannot have a maritime lien against its own vessel.  As a result, any recovery by ACL from the vessel cannot be from the security guaranteed by the letter of undertaking.[4]

---

[2] ACL Opposition to the TINTOMARA' interests Motion for Partial Summary Judgment as to the *in rem* liability of MEL OLIVER, CA 08-4007,  R. Doc. 896, pp 7-8.

[3] The affidavit of Paul Ferguson is irrelevant.  The issue in this motion does not involve the DRD insurance policy. This motion only involves the ACL limitation proceeding Letter of Undertaking, the language of which clearly requires National Liability to respond.

[4] Even if it could be, it would be subordinate to the TINTOMARA preferred maritime lien..

**Conclusion**

One of the purposes of shipowner limitation proceedings is to allow the Owner of the vessel to substitute security for the vessel's *in rem* liability exposure and consequently allow the vessel to return to commerce. The substitute security is required to respond to *in rem* claims, regardless of *in personam* liability. For that very reason the security must be equivalent to the value of the vessel and freight due.

As TINTOMARA interests were a claimant in the ACL limitation proceeding, and judgment was rendered *in rem* against MEL OLIVER in TINTOMARA's favor in that proceeding, the issuer of the guarantee must respond by the very terms of its letter of undertaking.

In 2010, ACL admitted as much: "Thus any finding of *in rem* liability by the Court in a specific limitation action can be satisfied out of the security posted in that limitation action."[5] ACL, not being a claimant in that limitation proceeding, is not entitled to recover under the letter of undertaking.

WHEREFORE, TINTOMARA interests move for entry of judgment in favor of TINTOMARA interests ((Laurin Maritime (America) Inc.; Laurin Maritime AB; Whitefin Shipping Co. Ltd.; and Anglo-Atlantic Steamship Limited) and against National Liability & Fire Insurance Company in the amount of $387,215.41.

---

[5] ACL Opposition to the TINTOMARA' interests Motion for Partial Summary Judgment as to the *in rem* liability of MEL OLIVER, CA 08-4007, R. Doc. 896, p. 8 (emphasis added).

Respectfully submitted,

**PHELPS DUNBAR LLP**

BY:   */s/ David B. Lawton*
      DAVID B. LAWTON (#8149)
      HUGH RAMSAY STRAUB (#12525)
      MICHAEL M. BUTTERWORTH (#21265)
      Canal Place, 365 Canal Street • Suite 2000
      New Orleans, Louisiana 70130-6534
      Telephone: (504) 566-1311
      Telecopier: (504) 568-9130
      Attorneys for Laurin Maritime (America) Inc.; Laurin Maritime AB; Whitefin Shipping Co. Ltd.; and Anglo-Atlantic Steamship Limited

## CERTIFICATE OF SERVICE

I do hereby certify that a copy of the foregoing pleading has been served upon all counsel of record by the Court's CM/ECF system on this 7th day of March, 2014.

*/s/ David B. Lawton*
DAVID B. LAWTON
HUGH RAMSAY STRAUB
MICHAEL M. BUTTERWORTH